UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-0155-CVE |
| ) | (16-CV-0276-CVE-TLW) |
| WAYNE LEE MARSHALL, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On May 16, 2016, defendant Wayne Lee Marshall, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 40). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On December 8, 2000, a grand jury returned an indictment charging defendant with possession of a firearm after felony conviction in violation of 18 U.S.C. § 922(g)(1) and 924(e). The indictment identified seven prior felony convictions, including four convictions for second degree burglary. Dkt. # 1, at 1-2. Defendant exercised his right to a jury trial and he was convicted. Dkt. # 23. A presentence investigation report (PSR) was prepared and the PSR noted that defendant had at least four prior convictions that qualified as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Each of the four convictions identified as a predicate offense under the ACCA was a conviction for second degree burglary under Oklahoma law. Defendant's

advisory guideline range under the United States Sentencing Guidelines was 235 to 293 months. On July 30, 2001, the Honorable Thomas R. Brett sentenced defendant to 235 months imprisonment, and the judgment and commitment was entered on August 3, 2001. Defendant filed an appeal challenging his conviction, and his conviction was affirmed. Defendant did not file a petition for writ of certiorari with the Supreme Court, and his conviction became final on February 13, 2003.[1]

On May 16, 2016, defendant filed a § 2255 motion arguing that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[2] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant's § 2255 motion is timely and the Court ordered plaintiff to respond to the motion. Plaintiff has filed a response (Dkt. # 45) and defendant has filed a reply (Dkt. # 46), and defendant's § 2255 motion is at issue.

---

[1] The Tenth Circuit Court of Appeals issued its decision in defendant's appeal on November 15, 2002, and defendant's conviction became final when his time to file a petition for writ of certiorari expired on February 13, 2003.

[2] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

**II.**

Defendant argues that his sentence was improperly enhanced under the ACCA, because his prior convictions can no longer be considered violent felonies in light of Johnson. He also asserts that plaintiff has failed to produce the appropriate documentation to show that his second degree burglary convictions can be treated as violent felonies, and he claims that he is entitled to a new sentencing hearing based on the Supreme Court's decisions in Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990).[3] Dkt. # 46, at 3. Plaintiff responds that Johnson has no effect on the applicability of the ACCA in this case, because defendant has at least four convictions for second degree burglary that qualify as violent felonies under the ACCA and defendant's sentence was not enhanced under the residual clause. Dkt. # 45, at 5-6.

Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, under 18 U.S.C. § 924(a)(2), the maximum punishment for this offense is 10 years imprisonment. However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence of 15 years and a possible maximum sentence of life imprisonment under the ACCA. Prior to Johnson, the ACCA defined "violent felony" as follows:

---

[3] In Taylor, the Supreme Court provided a definition of generic burglary applicable to the term "burglary" under § 924(e)(2)(B)(ii), and held that the sentencing court may ordinarily consider only "the fact of conviction and the statutory definition of the prior offense" to determine if the prior conviction qualifies as a burglary under the ACCA. Taylor, 495 U.S. at 603. The Supreme Court further explained in Shepard that the sentencing court may consider "the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" in cases when a defendant previously pled guilty to burglary under a nongeneric statute to determine if the prior conviction falls within the definition of generic burglary set forth in Taylor. Shepard, 544 U.S. at 26.

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2). The latter section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. Johnson does not impact the validity of any other provision of the ACCA, and the Supreme Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives], or the remainder of the Act's definition of a violent felony." Id. at 2563. The Supreme Court subsequently determined that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268.

The Court will initially consider an argument raised in defendant's reply (Dkt. # 46) that plaintiff has failed to produce the appropriate documentation under Shepard and Taylor to prove that defendant's convictions for second degree burglary qualify as violent felonies. Defendant objects to plaintiff's reference to the PSR in response to his § 2255 motion and he claims that the PSR is not one of the documents identified in Shepard and Taylor that can be considered under the categorical or modified categorical approach to determine if his prior convictions qualify as violent felonies.

Dkt. # 46, at 3-5.  The Court finds that defendant's argument is time-barred and meritless.  Under § 2255(f), a defendant has one year from "the date which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" to file a § 2255 motion.  In Shepard, the Supreme Court held that a court may consider only the charging document, a plea agreement or transcript of a change of plea hearing, or some "comparable judicial record" to determine if a defendant's prior burglary conviction qualifies under Taylor's definition of a generic burglary.  Shepard, 544 U.S. at 26.  Defendant could have challenged at his sentencing hearing in July 2001 the sufficiency of the underlying documents to establish that his prior burglary convictions were violent felonies under the ACCA.  At the very latest, defendant could have made this argument in a timely motion when Shepard was decided, and the Court finds that this claim is time-barred under § 2255(f).  Even if the Court could consider defendant's claim, defendant misunderstands plaintiff's references to the PSR and the record is clear that the United States Probation Office (Probation Office) and the Court considered the statute of conviction and the charging documents in determining whether defendant's burglary convictions qualified as predicate offenses under the ACCA.  The PSR plainly states that the Probation Office reviewed the information filed in state court to determine the nature of the charged offense, and for at least three of the second degree burglary convictions the information was that defendant broke into a building or residence to commit the offense.  Plaintiff cites the PSR as a means of summarizing defendant's criminal history, but nothing in plaintiff's response suggests that the PSR was used at the time of sentencing as a substitute for the appropriate Shepard documents.

Defendant claims that he is entitled to relief under Johnson because his convictions for second degree burglary no longer qualify as violent felonies under the ACCA. Dkt. # 40, at 4. However, burglary is specifically enumerated as a violent felony in the ACCA and the Supreme Court was clear that its ruling in Johnson did not affect the validity of any provision of the ACCA other than the residual clause. Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony."). The PSR shows that defendant had at least three convictions for second degree burglary and a review of the underlying documentation showed that the offenses qualified as violent felonies under the ACCA. None of the convictions used to enhance defendant's sentence under the ACCA was deemed a violent felony on the basis of the residual clause, and Johnson has no application to this case.[4] Defendant's § 2255 motion should be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 40) is **denied**. A separate judgment is entered herewith.

**DATED** this 1st day of July, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Defendant argues that plaintiff is attempting to "switch the basis for [defendant's] sentence from the residual clause" by referring to the enumerated offense of burglary. The record is clear that defendant was originally sentenced under the ACCA on the basis of his prior burglary convictions, and the residual clause was not the basis for a finding that any of defendant's prior convictions was a violent felony.