UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-0155-CVE |
| | ) | (16-CV-0276-CVE-TLW) |
| WAYNE LEE MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Reconsider Order Dated July, 2016 (Dkt. # 49). Defendant asks the Court to reconsider the opinion and order (Dkt. # 47) denying defendant's motion to vacate, set aside, or correct sentence (Dkt. # 40), and he also seeks a certificate of appealability on three issues.

**I.**

On December 8, 2000, a grand jury returned an indictment charging defendant with possession of a firearm after felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment identified seven prior felony convictions, including four convictions for second degree burglary. Dkt. # 1, at 1-2. Defendant exercised his right to a jury trial and he was convicted. Dkt. # 23. A presentence investigation report (PSR) was prepared and the PSR noted that defendant had at least four prior convictions that qualified as violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Each of the four convictions identified as a predicate offense under the ACCA was a conviction for second degree burglary under Oklahoma law. Defendant's advisory guideline range under the United States Sentencing Guidelines was 235 to 293 months. On July 30, 2001, the Honorable Thomas R. Brett sentenced defendant to 235 months imprisonment,

and the judgment and commitment was entered on August 3, 2001. Defendant filed an appeal challenging his conviction, and his conviction was affirmed. Defendant did not file a petition for writ of certiorari with the Supreme Court, and his conviction became final on February 13, 2003.[1]

On May 16, 2016, defendant filed a § 2255 motion (Dkt. # 40), arguing that he was entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Court entered an opinion and order (Dkt. # 47) denying defendant's § 2255 motion, because Johnson had no effect on defendant's sentence. In Johnson, the Supreme Court stated that its ruling concerning the validity of the residual clause of the ACCA "does not call into question application of the [ACCA] to the four enumerated offenses, and burglary is one of the four enumerated offenses. Dkt. # 47, at 6 (quoting Johnson, 135 S. Ct. at 2563). Defendant had four prior convictions for second degree burglary and he was properly sentenced under the ACCA. Defendant has filed a motion to reconsider the denial of his § 2255 motion.

**II.**

Defendant argues that the Court improperly assumed that defendant's prior burglary convictions were treated as violent felonies as the enumerated offense of burglary, and he claims that the sentencing judge treated his prior convictions as violent felonies under the residual clause of § 924(e)(2)(B)(ii).[2] Dkt. # 49, at 2. He argues that his burglary convictions could not have been

---

[1] The Tenth Circuit Court of Appeals issued its decision in defendant's appeal on November 15, 2002, and defendant's conviction became final when his time to file a petition for writ of certiorari expired on February 13, 2003.

[2] The residual clause of § 924(e)(2)(B)(ii) stated that a prior conviction was a violent felony under the ACCA if it "involves conduct that presents a serious potential risk of physical injury to another." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57.

2

considered generic burglary offenses under Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990), because the statute of conviction does not contain an essential element of a generic burglary offense. He also argues that the sentencing court and this Court failed to identify the specific documents that were relied upon to determine that defendant's burglary convictions qualified as violent felonies, and he claims that the Court is obligated to provide these documents to him.

Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b) motion must challenge "some defect in the integrity of the federal habeas process," rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. The Tenth Circuit does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b) motion when considering whether a motion should be treated as a true motion for relief from judgment or as a second or successive § 2255 motion. See Pedraza, 466 F.3d at 933. If the motion to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks jurisdiction to consider a second or successive § 2255 motion and defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h);

United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

In his § 2255 motion, defendant argued only that his sentence was invalid under Johnson because his "second degree burglary convictions . . . do not qualify as 'crimes of violence' under § 924(e) now that Johnson held those words arbitrary and void of any applicable meaning." Dkt. # 40, at 4. There were no other claims asserted in defendant's § 2255 motion. Defendant filed a reply raising new arguments challenging the documentation used to establish that his prior convictions were violent felonies under the ACCA, and he made the assumption that his burglary convictions were initially treated as violent felonies because of the residual clause. Dkt. # 46, at 3. He argues that the Court could not find that he was eligible for sentencing under the ACCA by "switch[ing] the basis for [his] sentence from the residual clause . . . to the enumerated offense clause . . . ." Id. The Court rejected this argument and found that none of defendant's prior convictions were treated as violent felonies based on the residual clause. Dkt. # 47, at 6. The Court also found that defendant could have raised arguments concerning the treatment of his burglary convictions as generic burglaries at his sentencing hearing or in a timely manner after Shepard was decided in 2005, and found that the claims asserted in defendant's reply were time-barred. Dkt. # 47, at 5. Defendant's motion to reconsider alleges the same arguments that have already been considered and rejected by this Court and he does not allege any procedural irregularity in the proceedings as to his § 2255 motion.

The Court finds that defendant's motion should be treated as a second or successive § 2255 motion. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See

28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require

5

the transfer of frivolous, time-barred cases). The Court finds that there is no risk that defendant will be prevented from litigating a meritorious claim if his motion (Dkt. # 49) is not transferred to the Tenth Circuit. Defendant can litigate any claims he might have by requesting a COA as to his original § 2255 motion and it not necessary for the Court to transfer this second or successive motion to the Tenth Circuit. Defendant's motion to reconsider merely renews arguments that have already been rejected as time-barred or meritless, and there is no risk that a meritorious claim will be lost absent a transfer of this motion (Dkt. # 49) to the Tenth Circuit.

### III.

Defendants requests a certificate of appealability (COA) as to three issues:

1. Does [OKLA. STAT. tit. 21, § 1435] lack the third <u>Taylor</u> element of generic burglary of a building or structure involving the "intent to commit a crime" element?

2. Did Judge Brett specifically find that Defendant's second degree burglaries qualified under the enumerated offense clause of 18 U.S.C. § 924(e)(2)(B)(ii), and if not, doesn't the only other clause Judge Brett could have relied upon end up being the residual clause, as the Tenth Circuit in [<u>United States v. Maldonado</u>, 696 F.3d 1095, 1099-1100 (10th Cir. 2012)], held which was prior to the Supreme Court's . . . decision in [<u>Descamps v. United States</u>, 133 S. Ct. 2276, 2282-83 (2013)], involving California's first degree burglary statute?

3. Is the district court and Plaintiff required to provide Defendant with the records it relies upon in making its decision as to what a previous district judge determined when imposing a sentence under the ACCA that, [sic] led to the denial of the relief Defendant seeks by way of his motion under [§ 2255], and where Rule 5(c) of the Rules Governing 2255 Proceedings mandates such records be made available to Defendant?

Dkt. # 49, at 13.

An appeal may not be taken from a ruling denying a § 2255 motion unless the defendant obtains a COA, and this requires that the defendant make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. This standard is met if "reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483 (2000). "Though a § 2255 motion may be based upon a variety of grounds, an appeal of the denial of such a motion requires an underlying constitutional claim." United States v. Mulay, 805 F.3d 1263, 1265 (10th Cir. 2015).

The Court finds that defendant's request for a COA should be denied. As to defendant's third issue, he has made no attempt to show that there is any aspect of the issue that could be construed as a constitutional claim, and it is a purely procedural issue that cannot be certified for an appeal under § 2253. The first and second issues raised by defendant could have a constitutional component to the extent that defendant argues he received a sentence in excess of the 10 year mandatory maximum that would be authorized without application of the ACCA, and this would be a constitutional due process claim. United States v. Shipp, 589 F.3d 1084, 1088 (2009). However, defendant's challenges to his sentence are time-barred to the extent that he alleges that the sentencing court violated Taylor or Shepard. Defendant's second issue could be construed as an attempt to raise a Johnson claim as a part of his COA, but this claim would be meritless because he had four prior burglary convictions and Johnson has no effect on defendant's sentence. Defendant has not made a substantial showing of the denial of a constitutional right and the Court denies his request for a COA as to all three issues.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Order Dated July, 2016 (Dkt. # 49) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's request for a COA is **denied**.

**DATED** this 25th day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE